**352**

Robert L. PRYOR, Trustee, Plaintiff,

v.

Donald SCHNEIDER, et al.,
Defendants.

No. CV 89–2373.

United States District Court,
E.D. New York.

Oct. 27, 1989.

Pryor & Mandelup by Scott Mandelup,
Mineola, N.Y., for plaintiff.

Jules V. Speciner, Great Neck, N.Y., Stephen P. Gelfand, Smithtown, N.Y., Taitz & Bernard, Patchogue, N.Y., Robert Farley, Mineola, N.Y., Gerald Hoffer, Sayville, N.Y., Weiner & Silverman, New York City, for defendants.

Christine Black, Garden City, N.Y., trustee.

MEMORANDUM AND ORDER

WEXLER, District Judge.

This appeal from the United States Bankruptcy Court (Goetz, J.) involves a claimed attorney-client privilege by a trustee in bankruptcy in response to the request for certain depositions. The discovery is sought by the defendants in an adversary proceeding commenced by the trustee. The plaintiff-appellant, Robert L. Pryor ("trustee") is the trustee in bankruptcy for Suffolk County Paper Co., Inc. ("debtor"). Defendants, former major shareholders in the debtor-corporation, seek to depose the lawyer who represented both the debtor-corporation and defendant Gary Schneider. For the reasons stated below, the appeal by the trustee is denied and the order of the Bankruptcy Court compelling the testimony of non-party witnesses is affirmed.

The debtor is currently before the Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code. The trustee commenced an adversary proceeding against the shareholders and former shareholders of the debtor to set aside allegedly fraudulent conveyances and recover payments made by the debtor to former shareholders. More specifically, the transaction at issue involved a sale of stock from defendant Donald Schneider as seller to Gary Schneider and the debtor as purchasers. At the time of the transaction, the same attorney represented both the debtor corporation and the defendants, for the mutual benefit of both clients.

During the course of discovery, defendants noticed and commenced to take depositions of the aforementioned attorney as well as the corporation's accountant. The trustee objected to the taking of the attorney's deposition on the ground of the attor-

ney–client privilege. Thereafter, the Bankruptcy Court ordered the testimony to proceed, and adhered to this decision on reargument. *Pryor v. Schneider,* Order of United States Bankruptcy Judge Cecelia H. Goetz, dated June 28, 1989. This appeal followed.

As Judge Goetz pointed out, it was not disputed by the parties that the attorney whose deposition was sought had represented both the defendants who sought to take the deposition as well as the debtor-corporation on the matters in question. That being the case, the joint representation exception to the attorney-client privilege applies and neither party may assert the privilege against the other as to any communication made with reference to that transaction. *See* 5 Weinstein, Korn & Miller, New York Civil Practice, section 4503.-07. However, the trustee in this case argues that as to both the debtor corporation and the defendants herein, he is a third party and therefore not subject to the rule of joint representation.

Although this Court acknowledges the trustee's well-supported assertion that he is an independent legal entity separate from the debtor in many respects, for the purposes of the attorney-client privilege the Court agrees with Judge Goetz's evaluation. *See* Opinion of Judge Goetz, *supra.* The Supreme Court recently stated that, with respect to a trustee in Bankruptcy, "the trustee plays the role most closely analogous to that of a solvent corporation's management." *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 353, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985). Construing that language in light of the facts of this case, the Court accepts the application of the joint representation exception to the case at bar. Indeed, the trustee points out that he has the power to "waive or assert any attorney-client privilege which a debtor corporation would have had with respect to pre-bankruptcy communications." *Commodity Futures,* 471 U.S. at 358, 105 S.Ct. at 1996. In agreement with Judge Goetz's analysis, this Court holds that the converse is also true; the trustee may not assert an attor-ney-client privilege where the debtor corporation would be barred from doing so.

Accordingly, the Opinion and Order of United States Bankruptcy Judge Cecelia H. Goetz dated June 28, 1989 is affirmed.

SO ORDERED.